# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------
RICHARD KULOVANY,

                                   Plaintiff,

           -against-

DELTA AIR LINES, INC., SKANSKA-WALSH JOINT
VENTURE, WALSH CONSTRUCTION, INC., SKANSKA
USA, INC., and LAGUARDIA GATEWAY PARTNERS,
LLC.,

                                  Defendants.
-------------------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff designates
QUEENS COUNTY
as the place of trial

**SUMMONS**

Basis of Venue:
CPLR Section 503(a)

**TO THE ABOVE NAMED DEFENDANTS:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  January 30, 2022
            Garden City, NY

                                       Yours, etc.

                                         CERUSSI & GUNN, P.C.

                                         BY: _____
                                            BRIAN R. GUNN
                                          *Attorneys for Plaintiff*
                            300 Garden City Plaza, Suite 308
                                Garden City, NY 11530
                                    (516) 745-1300

DEFENDANTS' ADDRESSES:
DELTA AIR LINES, INC., C/O Corporation Service Company, 80 State Street, Albany, NY 12207
SKANSKA-WALSH JOINT VENTURE, LaGuardia Airport, 5A Runway Drive, Queens, NY 11371
WALSH CONSTRCTION, INC., C/O Corporation Service Company, 80 State Street, Albany, NY 12207

SKANSK USA, INC., C/O Corporation Service Company, 80 State Street, Albany, NY 12207
LAGUARDIA GATEWAY PARTNERS, LLC., LaGuardia Airport Central, Terminal B, Suite 3709, Queens, NY 11371

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
RICHARD KULOVANY,

                                  Plaintiff,                  Index No.

            -against-                                      VERIFIED COMPLAINT

DELTA AIR LINES, INC., SKANSKA-WALSH JOINT
VENTURE, WALSH CONSTRUCTION, INC., SKANSKA
USA, INC., and LAGUARDIA GATEWAY PARTNERS,
LLC.,

                                  Defendants.
------------------------------------------------------------------X

        The plaintiff, by his attorneys, CERUSSI & GUNN, P.C. complaining of the defendants respectfully sets forth and alleges as follows:

                            **AS AND FOR A FIRST CAUSE OF ACTION**

        1.        At all times hereinafter mentioned, plaintiff RICHARD KULOVANY was and still is a resident of the County of Nassau, State of New York.

        2.        Upon information and belief, and at all times hereinafter mentioned, the defendant DELTA AIR LINES, INC. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

        3.        Upon information and belief, and at all times hereinafter mentioned, the defendant DELTA AIR LINES, INC. was and still is a foreign corporation duly licensed to do business within the State of New York.

        4.        Upon information and belief, defendant DELTA AIRLINES, INC., was a business entity conducting, doing and / or transacting business within the State of New York.

        5.        Upon information and belief, and at all times hereinafter mentioned, the

defendant SKANSKA-WALSH JOINT VENTURE was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Upon information and belief, and at all times hereinafter mentioned, the defendant SKANSKA-WALSH JOINT VENTURE was and still is a foreign corporation duly licensed to do business within the State of New York.

7. Upon information and belief, defendant SKANSKA-WALSH JOINT VENTURE, was a business entity conducting, doing and / or transacting business within the State of New York.

8. Upon information and belief, and at all times hereinafter mentioned, the defendant WALSH CONSTRUCTION, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, and at all times hereinafter mentioned, the defendant WALSH CONSTRUCTION, INC. was and still is a foreign corporation duly licensed to do business within the State of New York.

10. Upon information and belief, defendant WALSH CONSTRUCTION, INC., was a business entity conducting, doing and / or transacting business within the State of New York.

11. Upon information and belief, and at all times hereinafter mentioned, the defendant SKANSKA USA, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Upon information and belief, and at all times hereinafter mentioned, the defendant SKANSKA USA, INC. was and still is a foreign corporation duly licensed to do business within the State of New York.

13. Upon information and belief, defendant SKANSKA USA, INC. was a business entity conducting, doing and / or transacting business within the State of New York.

14. Upon information and belief, and at all times hereinafter mentioned, the defendant LAGUARDIA GATEWAY PARTNERS, LLC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. Upon information and belief, and at all times hereinafter mentioned, the defendant LAGUARDIA GATEWAY PARTNERS, LLC., was and still is a foreign corporation duly licensed to do business within the State of New York.

16. Upon information and belief, defendant LAGUARDIA GATEWAY PARTNERS, LLC., was a business entity conducting, doing and / or transacting business within the State of New York.

17. On or before February 15, 2019, defendants SKANSKA USA, INC., and WALSH CONTRUCTION, INC., entered into a joint venture agreement with regard to construction, alteration, and/or renovation work that was being performed at LaGuardia Airport in the Delta Terminal "D" in Queens, New York.

18. Upon information and belief, and at all times hereinafter mentioned, defendant DELTA AIR LINES, INC. operated an airline terminal within the airport located within the County of Queens, State of New York, known as LaGuardia Airport.

19. Upon information and belief, and at all times hereinafter mentioned, defendant DELTA AIR LINES, INC. operated said airline terminal, known as the "Delta Air Lines Terminal" pursuant to a contract, lease and/or agreement with the Port Authority of New York and New Jersey.

20. Upon information and belief, and at all times hereinafter mentioned, a construction renovation and/or alteration project at the "Delta Air Lines Terminal" located within LaGuardia Airport was being performed.

21. Upon information and belief, and at all times hereinafter mentioned, the

defendant DELTA AIR LINES, INC. was hired and/or contractually engaged, or undertook to perform certain construction, renovation and/or alteration work at the aforesaid premises.

22. Upon information and belief, and at all times hereinafter mentioned, the defendant SKANSKA-WALSH JOINT VENTURE was hired and/or contractually engaged, or undertook to perform certain construction, renovation and/or alteration work at the aforesaid premises.

23. Upon information and belief, and at all times hereinafter mentioned, the defendant WALSH CONSTRUCTION, INC. was hired and/or contractually engaged, or undertook to perform certain construction, renovation and/or alteration work at the aforesaid premises.

24. Upon information and belief, and at all times hereinafter mentioned, the defendant SKANSKA USA, INC. was hired and/or contractually engaged, or undertook to perform certain construction, renovation and/or alteration work at the aforesaid premises.

25. Upon information and belief, and at all times hereinafter mentioned, the defendant LAGUARDIA GATEWAY PARTNERS, LLC. was hired and/or contractually engaged, or undertook to perform certain construction, renovation and/or alteration work at the aforesaid premises.

26. Upon information and belief, and at all times hereinafter mentioned, the defendant DELTA AIR LINES, INC. was the general contractor and/or construction manager and/or managing agent of the aforesaid construction project.

27. Upon information and belief, and at all times hereinafter mentioned, the defendant SKANSKA-WALSH JOINT VENTURE was the general contractor and/or construction manager and/or managing agent of the aforesaid construction project.

28. Upon information and belief, and at all times hereinafter mentioned, the defendant WALSH CONSTRUCTION, INC. was the general contractor and/or construction manager

and/or managing agent of the aforesaid construction project.

29. Upon information and belief, and at all times hereinafter mentioned, the defendant SKANSKA USA, INC. was the general contractor and/or construction manager and/or managing agent of the aforesaid construction project.

30. Upon information and belief, and at all times hereinafter mentioned, the defendant LAGUARDIA GATEWAY PARTNERS, LLC. was the general contractor and/or construction manager and/or managing agent of the aforesaid construction project.

31. Upon information and belief, on or before February 15, 2019, the defendant DELTA AIR LINES, INC. hired and/or contracted with defendant SKANSKA-WALSH JOINT VENTURE to perform certain construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

32. Upon information and belief, on or before February 15, 2019, the defendant DELTA AIR LINES, INC. hired and/or contracted with defendant WALSH CONSTRUCTION, INC. to perform certain construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

33. Upon information and belief, on or before February 15, 2019, the defendant DELTA AIR LINES, INC. hired and/or contracted with defendant SKANSKA USA, INC. to perform certain construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

34. Upon information and belief, on or before February 15, 2019, the defendant DELTA AIR LINES, INC. hired and/or contracted with defendant LAGUARDIA GATEWAY

PARTNERS, LLC. to perform certain construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

35. Upon information and belief, on or before February 15, 2019, the defendant DELTA AIR LINES, INC., hired and/or contracted with R & R Mechanical, Inc., to perform certain construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

36. Upon information and belief, on or before February 15, 2019, the defendant SKANSKA-WALSH JOINT VENTURE, hired and/or contracted with R & R Mechanical, Inc., to perform certain construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

37. Upon information and belief, on or before February 15, 2019, the defendant WALSH CONSTRUCTION, INC., hired and/or contracted with R & R Mechanical, Inc., to perform certain construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

38. Upon information and belief, on or before February 15, 2019, the defendant SKANSKA USA, INC., hired and/or contracted with R & R Mechanical, Inc., to perform certain construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

39. Upon information and belief, on or before February 15, 2019, the defendant

LAGUARDIA GATEWAY PARTNERS, LLC., hired and/or contracted with R & R Mechanical, Inc., to perform certain construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

40. At all times hereinafter mentioned, the plaintiff, RICHARD KULOVANY was employed by R & R Mechanical, Inc., and was performing construction, renovation and/or alteration work at the aforesaid construction project, at premises located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

41. At all times hereinafter mentioned, the defendant DELTA AIR LINES, INC. controlled, managed, operated, and maintained the subject premises, and was otherwise responsible for the safety of workers at the construction, renovation and/or alteration project at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

42. At all times hereinafter mentioned, the defendant SKANSKA WALSH JOINT VENTURE, controlled, managed, operated, and maintained the subject premises, and was otherwise responsible for the safety of workers at the construction, renovation and/or alteration project at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

43. At all times hereinafter mentioned, the defendant WALSH CONSTRUCTION, INC., controlled, managed, operated, and maintained the subject premises, and was otherwise responsible for the safety of workers at the construction, renovation and/or alteration project at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

44. At all times hereinafter mentioned, the defendant SKANSKA USA, INC., controlled, managed, operated, and maintained the subject premises, and was otherwise responsible for the safety of workers at the construction, renovation and/or alteration project at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

45. At all times hereinafter mentioned, the defendant LAGUARDIA GATEWAY PARTNERS, LLP., controlled, managed, operated, and maintained the subject premises, and was otherwise responsible for the safety of workers at the construction, renovation and/or alteration project at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

46. On or about February 15, 2019, the plaintiff RICHARD KULOVANY, while in the course of his employment and in the performance of such construction, renovation and/or alteration work at the aforesaid project was caused to trip and fall due to a dangerous and defective condition located at the new Delta Airlines terminal, located within LaGuardia Airport, County of Queens, State of New York.

47. As a result of the foregoing occurrence, the plaintiff RICHARD KULOVANY sustained serious and disabling injuries.

48. The foregoing occurrence was caused by and through the negligence of the defendants, their agents, servants and/or employees, in that the work being performed by the plaintiff at the time of the occurrence was being performed in a dangerous, unsafe, defective and hazardous environment in that the defendants failed to provide the plaintiff with a safe place to work; failed to keep and maintain the premises in a safe and secure condition; failed to give the plaintiff any signal, notice or warning of the danger and perils involved; failed to provide the plaintiff, RICHARD KULOVANY with the appropriate safety devices; and were otherwise reckless, careless and negligent in the premises.

49. As a result of the breach of the above-recited duties by these defendants, the plaintiff RICHARD KULOVANY, suffered serious, permanent and painful injuries, internal as well as external, by reason of which said plaintiff was and will be incapacitated from performing his usual duties for a long period of time, all to his damage in an amount exceeding the jurisdictional limits of

all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST THE DEFENDANTS FOR VIOLATION OF NEW YORK STATE LABOR LAW

50. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" of this verified complaint as though said allegations were fully set forth at length herein.

51. That the plaintiff was engaged in "construction" as said term is defined by New York State Labor Law Section 240(1), et seq.

52. The defendants' actions were, upon information and belief, in violation of Sections 240, 241(6) and/or 200 of the Labor Law of the State of New York and the Industrial Code – Part 23 of the New York Code of Rules and Regulations 23-1.2; 23-1.3; 23-1.4; 23-1.5; 23-1.7 and more specifically 23-1.7(e)(1) and (2); 23-1.15; 23-1.32; and 23.2-1.

53. That this action falls within one or more of the exceptions set forth in CPLR Section 1602.

54. On the 15th day of February, 2019 while in the performance of his duties at the aforesaid premises, the plaintiff RICHARD KULOVANY was injured through the negligence of the defendants. More particularly, because of the negligence of the defendants and due to the defendants' violations of New York State laws, codes, statutes and regulations, the plaintiff RICHARD KULOVANY was caused to be seriously injured, when he was caused to trip and fall at the afore-mentioned construction, renovation and/or alteration project located at The Delta Air Lines Terminal, located within LaGuardia Airport, County of Queens, State of New York.

55. That defendants, by virtue of their positions as owner, general contractor and/or construction manager, are strictly and absolutely liable to plaintiff by virtue of the violations of New

York State Labor Law.

56. That pursuant to New York State Labor Law Section 240(1), defendants are barred from the doctrine of comparative negligence.

57. Upon information and belief, the defendants had actual and/or constructive notice of the dangerous and defective conditions complained of.

58. By reason of the defendants' aforementioned negligence, the plaintiff RICHARD KULOVANY sustained serious bodily injuries with accompanying pain and suffering and was rendered sick, sore, lame and disabled, and said injuries are permanent; and said plaintiff has for some time been confined to his home and has required medicine and medical attention, and has been and will be prevented from pursuing his usual and ordinary vocation.

59. By reason of the foregoing, the plaintiff RICHARD KULOVANY has been damaged in an amount exceeding the jurisdictional limits of all lower courts.

**WHEREFORE**, the plaintiff demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the first, and second causes of action together with the costs and disbursements incurred in the prosecution of this action.

Dated:  January 25, 2022
        Garden City, New York

                                            Yours, etc.
                                            CERUSSI & GUNN, P.C.

                                            BY: _____
                                                BRIAN R. GUNN
                                            Attorneys for Plaintiff
                                            300 Garden City Plaza, Ste. 308
                                            Garden City, NY 11530
                                            (516) 745-1300

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NASSAU       )

Richard Kulovany, being duly sworn, deposes and says:

Deponent is the plaintiff in the within action; deponent has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; the same is true to deponent's knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes it to be true.

_____
Richard Kulovany

Sworn to before me this
25th day of January, 2022

_____
Notary Public

BRIAN R. GUNN
Notary Public, State of New York
No. 02GU100709
Qualified in Nassau County
Commission Expires October 27, 20 23